By the Court.
This action in mandamus instituted in the Court of Appeals of Franklin county presents but one question, and that is the extent to which, proceedings before the Industrial Commission may bo controlled by mandamus.
The Court of Appeals issued a writ of mandamus requiring the Industrial Commission to proceed to pass finally upon relator’s claim although an order made by the commission remained uncomplied with by the relator. Thereupon appeal was perfected to this court.
The relator’s claim for compensation for injury found to have been sustained January 1, 1927, in the course of his employment, by a self-insuring employer, had been allowed by the commission; in fact, the claim had been recognized by the employer and compensation paid in the aggregate more than $6,600 in addition to substantial expenditures for medical and hospital care. Upon a subsequent hearing at which both *291 the relator and the employer offered evidence, the commission found that claimant’s disability had ceased and ordered that no further compensation.be paid.
The matter was further heard upon relator’s application for a modification of award which was denied by the commission in a finding and order which sets forth in detail the various incidents in the extended investigation and consideration of the claim. Thereafter, however, a rehearing was granted upon application of the relator wherein, by stipulation, the entire record of the previous hearing was considered without objection except as to competency. Therein statements of neighbors as to relator’s ability to work were supplemented by motion pictures tending to corroborate such testimony. This was met by the claim of the relator and his brother that those pictures were not of the relator but his brother. Whereupon the commission issued an order that relator submit photographs of himself and his brother, such order being in part as follows: •
“The rehearing transcript discloses that evidence has been introduced to the effect that the claimant has been engaged in physical activities inconsistent with the disabilities he complains of and it has been his contention that the activities in question were carried on by his brother and not by himself. As part of the evidence consists of pictures alleged to be those of the claimant, it appears reasonable that he should not only submit to have his picture taken, as well as his brother, that all available facts bearing upon the claimant’s contention as to the merits of his claim may be fully considered and the rights of the parties determined.”
The claim and the attitude of the commission with reference to the matter in controversy are set forth in its answer as follows:
“On information and belief, [respondent] avers that relator and his brother have refused to submit pictures without their hats on for the reason that said *292 pictures would show conclusively that there is little similarity between them and the person shown in said motion pictures is not and could not be said brother, Jake Thompson, and is in fact, relator.
“Avers that it has at all times given to relator’s claim, due consideration in accordance with law; that it will continue with said rehearing as soon as relator complies with its said order to submit said pictures or proves by competent evidence that it is impossible to so comply; and after said record on rehearing is complete, it will again consider and decide whether relator is disabled and whether he is entitled to any further compensation under the workmen’s compensation laws of Ohio.”
It is urged that the claimant’s claim for a continuation of compensation payments has been established by the medical evidence presented; but it scarcely would be contended that such issue is one to be determined in a mandamus action, although there seems to be a steadily growing and developing conception, possibly stimulated in proceedings involving facts which induce sympathetic intervention, that mandamus should be employed as a substitute for the orderly procedure of appeal provided by statute. It is elementary that mandamus may be invoked only to require the performance of an act specially enjoined by law and cannot be employed to correct error or control discretion. Nowhere does it appear that there was any indication or indeed any claim of impossibility or impracticability or even difficulty of compliance with the requirement of the commission in the respect in question at the time the order was made. The provisions of Section 1465-90, General Code, require that the rehearing therein provided for “shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions.”
It must be borne in mind that upon appeal to the Common Pleas Court the case must be tried and sub *293 mitted upon the record of the rehearing before the Industrial Commission, and there is no opportunity for the appearance of witnesses. The right of the claimant must be determined upon the evidence contained in the record and no other evidence.
We are not in accord with the finding and conclusion of the Court of Appeals. The facts disclosed by the pleadings and portions of the record before it do not establish such arbitrary action or gross abuse of discretion as to warrant the issuance of a writ of mandamus which, in effect, would compel the Industrial Commission to revoke its order complained of and proceed to final disposition of the case upon the evidence previously adduced.

Judgment reversed.

Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.